# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY L. SHIVERS, III, | CV F  06-1811 OWW DLB HC |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK PETITION FOR WRIT OF HABEAS CORPUS |
| ON HABEAS CORPUS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 8, 2006, Petitioner filed the instant petition for writ of habeas corpus.

**DISCUSSION**

A.   Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Claim as to Ground One

In Ground One of the petition, Petitioner contends that he was denied due process by the prisons failure to review the order placing Petitioner in administrative segregation on the first work day following the inmate's placement pursuant to California Administrative Code section 333. When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) "Written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense"; (2) "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the disciplinary committee"; (3) "there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action"; (4) "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (5) "where an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Wolff, 418 U.S. at 564, 566, 570. As Wolff does not require that the administrative placement order be reviewed on the first working day following the inmate's placement, Petitioner's claim fails to state a cognizable federal constitutional violation, and is subject to dismissal.[1]

C.   Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d

---

[1] The Court notes that Ground Two of the petition is cognizable as Petitioner alleges that prison officials improperly denied him staff assistance at his disciplinary hearing.

2

1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

3

1  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

2      In the instant petition before the Court, Petitioner fails to state whether he sought relief in
3  the California Supreme Court, and if he did, whether he raised the grounds he presents in this
4  petition.  If the grounds were not presented to the California Supreme Court, they are
5  unexhausted and the petition must be dismissed to provide Petitioner an opportunity to exhaust
6  the claims. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22.

7  D.    Failure to Name a Proper Respondent

8      In this case, Petitioner has failed to name a Respondent.

9      A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state
10 officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules
11 Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.
12 California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having
13 custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
14 incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v.
15 United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court,
16 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions
17 is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on
18 probation or parole, the proper respondent is his probation or parole officer and the official in
19 charge of the parole or probation agency or state correctional agency.  Id.

20     Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
21 for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,
22 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
23 Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by
24 amending the petition to name a proper respondent, such as the warden of his facility.  See West
25 v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d
26 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent);
27 Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

28 E.    Conclusion

1  The instant petition must be dismissed for the above-stated reasons. Petitioner will be
2 given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised
3 that failure to file a petition in compliance with this order within the allotted time will result in a
4 recommendation that the petition be dismissed and the action be terminated. Petitioner is advised
5 that the amended petition should be titled "First Amended Petition" and must reference the
6 instant case number.

**ORDER**

8  Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is
9 GRANTED thirty (30) days from the date of service of this order to file an amended petition in
10 compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition
11 pursuant to 28 U.S.C. § 2254.

12  IT IS SO ORDERED.

13  Dated:   **January 22, 2007**              **/s/ Dennis L. Beck**
3b142a                                        UNITED STATES MAGISTRATE JUDGE