# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY L. SHIVERS, III, | CV F   06-1811 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| ON HABEAS CORPUS, | [Doc. 4] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 8, 2006, Petitioner filed the instant petition for writ of habeas corpus. On December 26, 2006, Petitioner filed a motion for injunctive relief. (Court Doc. 4.)

In his motion, Petitioner states that he is challenging his conditions of confinement and seeking injunctive relief from the operation of the denial of his Fourteenth Amendment rights. Petitioner claims that prison officials denied his due process rights with respect to his disciplinary hearing. Petitioner requests injunctive relief and monetary damages.

DISCUSSION

First, Petitioner is advised that monetary damages are not available to a Petitioner in a habeas action. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 111 S.Ct. 1737, 1740  (1991) (recognizing two primary categories of suits brought by prisoners--applications for habeas corpus relief pursuant to 28 U.S.C. §§ 2254 and 2255 and actions for monetary or injunctive relief under 42

1  U.S.C. § 1983").

2  Second, a federal court may only grant a petition for writ of habeas corpus if the
petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. §
2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973); Advisory Committee Notes
to Rule 1 of the Rules Governing Section 2254 Cases.  "[T]he essence of habeas corpus is an
attack by a person in custody upon the legality of that custody, and . . . the traditional function of
the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484.

Petitioner is advised that generally claims concerning the conditions of one's confinement
are more properly raised in a civil rights complaint filed pursuant to 28 U.S.C. § 1983.  A habeas
corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his
confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez,
411 U.S. 475, 485, 93 S.Ct. 1827, 1833 (1973); Advisory Committee Notes to Rule 1 of the
Rules Governing Section 2254 Cases.   However, a civil rights action is the proper method for a
prisoner to challenge the conditions of his confinement.  McCarthy v. Bronson, 500 U.S. 136,
141-42, 111 S.Ct. 1737, 1741-42 (1991);  Preiser, 411 U.S. at 499, 93 S.Ct. at 1841; Badea, 931
F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's requested relief will not effect immediate release from custody and is
therefore inappropriate.  See McNally v. Hill, 293 U.S. 131 (1934); Peyton v. Rowe, 391 U.S. 54
(1968); Carafas v. LaVallee, 391 U.S. 234 (1968).  Furthermore, petitioner seeks injunctive relief
against individuals who are not yet named as defendants to this action.  The court us unable to
issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio
Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Petitioner fails to establish he is entitled to preliminary injunctive relief.  To prevail on
such a request, the moving party must show either "(1) a likelihood of success on the merits and
the possibility of irreparable injury, or (2) the existence of serious questions going to the merits
and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v.

1  Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), *quoting* Apple
2  Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also
3  Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent
4  two points on a sliding scale with the focal point being the degree of irreparable injury shown.
5  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
6  demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a
7  significant showing of irreparability, the court need not reach the issue of likelihood of success
8  on the merits.  Id.  Petitioner has failed to meet this high standard for injunctive relief.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's motion for a preliminary injunction be DENIED.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 22, 2007**          /s/ **Dennis L. Beck**
3b142a                               UNITED STATES MAGISTRATE JUDGE